# In the District Court of the United States
# For the District of South Carolina
### BEAUFORT DIVISION

| | |
|---|---|
| Lawrence Stefon Seabrooks, #308256 ) | |
| ) | Civil Action No. 9:07-3101-CMC-GCK |
| Plaintiff, ) | |
| ) | |
| vs. ) | **REPORT AND RECOMMENDATION** |
| ) | **OF THE MAGISTRATE JUDGE** |
| Sgt. Roy Cooper, ) | |
| Off. Author Brailsford, ) | |
| The SCDC Agency, ) | |
| ) | |
| Defendants. ) | |
| ) | |

## I. INTRODUCTION

The Plaintiff, Lawrence Stefon Seabrooks ("Plaintiff"), is a state prisoner who was incarcerated in the South Carolina Department of Correction's ("SCDC's") Lee Correctional Institution ("LeeCI") at the time of the events giving rise to this action. He has filed this lawsuit against the above-named defendants, Sgt. Roy Cooper ("Sgt. Cooper"), Off. Author Brailsford ("Officer Brailsford"), and the SCDC, seeking relief pursuant to Title 42, United States Code Section 1983[1] for alleged violations of his constitutional rights which occurred during his incarceration at LeeCI.

---

[1]   42 U.S.C. §1983 provides, in pertinent part:
> Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory or the District of Columbia, subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress, except that in any action brought against a judicial officer for an act or omission taken in such officer's judicial capacity, injunctive relief shall not be granted unless a declaratory decree was violated or declaratory relief was unavailable.

This case was automatically referred to the undersigned United States Magistrate Judge for all pretrial proceedings pursuant to the provisions of Title 28, United States Code, Sections 636(b)(1)(A) and (B), and Local Civil Rules 73.02(B)(2)(c) and (e), D.S.C.  A motion for summary judgment has been filed by Sgt. Cooper, Officer Brailsford, and SCDC (collectively, the "Defendants").  As this is a dispositive motion, the Report and Recommendation is entered for review by the District Court.

## II.  *PRO SE* AND *IN FORMA PAUPERIS* REVIEW

Under established local procedure in this judicial district, a careful review has been made of the pro se complaint herein pursuant to the procedural provisions of 28 U.S.C. § 1915.  This review has been conducted in light of the following precedents:  *Neitzke v. Williams*, 490 U.S. 319, 324-25, 109 S.Ct. 1827, 104 L.Ed.2d 338 (1989); *Estelle v. Gamble*, 429 U.S. 97, 97 S.Ct. 285, 50 L.Ed.2d 251 (1976); *Haines v. Kerner*, 404 U.S. 519, 92 S.Ct. 594, 30 L.Ed.2d 652 (1972); and *Gordon v. Leeke*, 574 F.2d 1147 (4th Cir.1978).

The complaint *sub judice* has been filed pursuant to 28 U.S.C. § 1915, which permits an indigent litigant to commence an action in federal court without paying the administrative costs of proceeding with the lawsuit.  To protect against possible abuses of this privilege, the statute allows a district court to dismiss the case upon a finding that the action "fails to state a claim on which relief may be granted" or is "frivolous or malicious."  28 U.S.C. § 1915(e) (2)(B)(i), (ii).  A finding of frivolity can be made where the complaint "lacks an arguable basis either in law or in fact."  *Denton v. Hernandez*, 504 U.S. 25, 31, 112 S.Ct. 1728, 118 L.Ed.2d 340 (1992).  Hence, under Section 1915(e)(2)(B), a claim based on a meritless legal theory may be dismissed *sua sponte*.  *Neitzke v. Williams*, 490 U.S. 319, 109 S.Ct. 1827, 104 L.Ed.2d 338 (1989); *Allison v. Kyle*, 66 F.3d 71 (5th Cir. 1995).  The court may dismiss a claim as "factually frivolous" under Section 1915(e) if the facts alleged are clearly baseless.  *Denton*, 504 U.S. at 31.  In making this

determination, the court is not bound to accept without question the truth of the plaintiff's allegations, but rather need only weigh the plaintiff's factual allegations in his favor. *Id*.

This Court is required to liberally construe pro se documents, *Erickson v. Pardus*, --- U.S. ----, 127 S.Ct. 2197, 167 L.Ed.2d 1081 (2007), holding them to a less stringent standard than those drafted by attorneys. *Estelle v. Gamble*, 429 U.S. 97, 97 S.Ct. 285, 50 L.Ed.2d 251 (1976); *Hughes v. Rowe*, 449 U.S. 9 (1980) (*per curiam* ). Even under this less stringent standard, however, the *pro se* complaint nonetheless may be subject to summary dismissal. The mandated liberal construction afforded to *pro se* pleadings means that if the court can reasonably read the pleadings to state a valid claim on which the plaintiff could prevail, it should do so, but a district court may not rewrite a petition to include claims that were never presented. *Barnett v. Hargett*, 174 F.3d 1128 (10th Cir. 1999). Likewise, a court may not construct the plaintiff's legal arguments for him (*Small v. Endicott*, 998 F.2d 411 (7th Cir. 1993)) or "conjure up questions never squarely presented" to the court. *Beaudett v. City of Hampton*, 775 F.2d 1274, 1278 (4th Cir. 1985), *cert. denied*, 475 U.S. 1088 (1986). The requirement of liberal construction, however, does not mean that the court can ignore a clear failure in the pleading to allege facts which set forth a claim currently cognizable in a federal district court. *Rice v. National Security Council*, 244 F.Supp. 2d 594, 596 (D.S.C. 2001), *citing Weller v. Department of Social Services*, 901 F.2d 387 (4th Cir. 1990).

### III.  BACKGROUND AND PROCEDURAL HISTORY

On September 7, 2007,[2] Plaintiff filed his verified Complaint[3] alleging that on June 4, 2007, a female LeeCI officer refused to give him and his cellmate their monthly personal hygiene items because his cellmate was masturbating "off her".[4]  Plaintiff and his cellmate began kicking the cell door to get the attention of supervisor Sgt. Cooper, who came to the door with Officer Brailsford.  The situation was discussed; Sgt. Cooper left the area and returned with a large can of Top Cap chemical munition and told Officer Brailsford to open the food flap because he was going to administer the spray into the cell because Sgt. Cooper was "tired of this sh–."  Plaintiff and his cellmate grabbed Plaintiff's mat and put it against the door.  Sgt. Cooper said he had something for that and produced a mop and a broomstick and gave one to Officer Brailsford.  Both of these Defendants shoved these with great force at the mat, hitting Plaintiff and his cellmate in the chest until they dropped the mat.  Then, Sgt. Cooper and Officer Brailsford hit Plaintiff and his cellmate with the sticks a few more times, "maced" them, and turned off the water in the cell so the mace could not be washed off.

---

[2]   Should a limitations issue arise in this action, Plaintiff will have the benefit of the holding in *Houston v. Lack*, 487 U.S. 266 (1988) with respect to the delivery date of his complaint.  *See* this court's Order [6] filed on October 12, 2007.  The Plaintiff's motion to proceed IFP also was granted in this Order.

[3]   In this Circuit, verified complaints by pro se prisoners are to be considered as affidavits and may, standing alone, defeat a motion for summary judgment when the allegations contained therein are based on personal knowledge.  *Williams v. Griffin*, 952 F.2d 820, 823 (4th Cir.1991).  Plaintiff has filed a verified Complaint.  Therefore, the undersigned has considered the factual allegations set forth in the verified Complaint in issuing a recommendation in this case.

[4]   Although Plaintiff stated in the complaint that his cellmate had been masturbating "off of" the officer, it appears that Plaintiff had been masturbating in his cell on June 4, 2007, too, as he was charged with 8.22 sexual misconduct.  *See* Incident Report dated June 4, 2007, attached at [14-4] at p. 27.

Plaintiff contends neither he nor his cellmate received any medical attention or a shower. They were left in their cell. They never received any soap so they were left with nothing to wash with for the next month.

The next day (June 5, 2007), Lt. Davis put Plaintiff and his cellmate in a Control Cell and left them in the bare room with nothing but the inmates' spoons and cups, in violation of SCDC policy.

Plaintiff claims he wrote many grievances and staff requests stating he feared for his life. He asked to be removed from the care of Sgt. Cooper and Officer Brailsford, but he has only received the run around. Plaintiff requests that his claim be investigated and seeks to have Sgt. Cooper and Officer Brailsford suspended for their assault, and their cruel and unusual punishment of him. He also seeks $750,000.00 in damages from the SCDC.

On December 6, 2007, the Defendants answered the Plaintiff's complaint, asserting various defenses, including an allegation that Plaintiff had failed to exhaust his administrative remedies prior to filing this action. [12] Thereafter, on January 16, 2008, the Defendants filed a motion for summary judgment and a supporting memorandum, and affidavits and exhibits. [14] By order of this Court filed on January 23, 2008, pursuant to *Roseboro v. Garrison*, 528 F.2d 309 (4th Cir. 1975), the Plaintiff was advised of the summary judgment procedure and the possible consequences if he failed to respond adequately. [15] On January 28, 2008, the Plaintiff filed an answer to the Defendants' motion and offered to take a polygraph (or any other test) to prove (1) that he was not masturbating when Officer Isaac came to their cell; and (2) that Sgt. Cooper and Officer Brailsford assaulted him and his cellmate. [17] These motions were denied by the undersigned on January 30, 2008. [20] Plaintiff also filed a response in opposition to the motion for summary judgment. [18][5] Plaintiff then filed a motion for

---

[5] This motion is contained in the document originally docketed by the court as [17].

reconsideration of the order denying appointment of counsel, which was denied by the undersigned on February 27, 2008. [24; 26]

## IV.  SUMMARY JUDGMENT STANDARD

The motion for summary judgment is governed by the holding in *Celotex Corporation v. Catrett*, 477 U.S. 317, 323 (1986):

> [T]he plain language of Rule 56(c) mandates the entry of summary judgment, after adequate time for discovery and upon motion, against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial.  In such a situation there can be no "genuine issue as to any material fact," since a complete failure of proof concerning an essential element of the nonmoving party's case necessarily renders all other facts immaterial.

Rule 56 states, as to a party who has moved for summary judgment:

> The judgment sought shall be rendered forthwith if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law.

Accordingly, to prevail on a motion for summary judgment, the movant must demonstrate that:  (1) there is no genuine issue as to any material fact; and (2) that he is entitled to summary judgment as a matter of law.  As to the first of these determinations, a fact is deemed "material" if proof of its existence or nonexistence would affect the disposition of the case under the applicable law. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248, 106 S.Ct. 2505, 91 L.Ed.2d 202 (1986).  An issue of material fact is "genuine" if the evidence offered is such that a reasonable jury might return a verdict for the non-movant. *Id.* at 257.  In determining whether a genuine issue has been raised, the court must construe all inferences and ambiguities against the movant and in favor of the non-moving party. *United States v. Diebold, Inc.*, 369 U.S. 654, 655, 82 S.Ct. 993, 8 L.Ed.2d 176 (1962).

The party seeking summary judgment shoulders the initial burden of demonstrating to the district court that there is no genuine issue of material fact. *Celotex Corp. v. Catrett*, 477 U.S.

317, 323, 106 S.Ct. 2548, 91 L.Ed.2d 265 (1986).  Once the movant has made this threshold demonstration, the non-moving party, to survive the motion for summary judgment, may not rest on the allegations averred in his pleadings; rather, he must demonstrate that specific, material facts exist which give rise to a genuine issue.  *Id*. at 324.  Under this standard, the existence of a mere scintilla of evidence in support of the plaintiff's position is insufficient to withstand the summary judgment motion.  *Anderson*, 477 U.S. at 252.  Likewise, conclusory allegations or denials, without more, are insufficient to preclude the granting of the summary judgment motion.  *Ross v. Communications Satellite Corp.*, 759 F.2d 355, 365 (4th Cir. 1985), *overruled on other grounds*, 490 U.S. 228, 109 S.Ct. 1775, 104 L.Ed.2d 268 (1989).  "Only disputes over facts that might affect the outcome of the suit under the governing law will properly preclude the entry of summary judgment.  Factual disputes that are irrelevant or unnecessary will not be counted."  *Anderson*, 477 U.S. at 248.  When Rule 56(e) has shifted the burden of proof to the non-movant, he must provide existence of every element essential to his action which he bears the burden of adducing at a trial on the merits.

## V.  DISCUSSION

### A.  Whether Plaintiff Exhausted his Administrative Remedies Prior to Filing this Action

The Prison Litigation Reform Act ("PLRA") requires that a prisoner exhaust the available administrative remedies before filing a Section 1983 action concerning conditions of his confinement.  42 U.S.C. § 1997e(a).  The revised PLRA states:

> No action shall be brought with respect to prison conditions under section 1983 of this title, or any other federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted.

It is well established that the exhaustion requirement is mandatory, *Anderson v. XYZ Correctional Health Services, Inc.*, 407 F.3d 674, 677 (4th Cir. 2005), and that the requirement "applies to all inmate suits about prison life," whether they involve general circumstances or

particular episodes and whether they allege excessive force or some other wrong. *Porter v. Nussle*, 534 U.S. 516, 532, 122 S.Ct. 983, 152 L.Ed.2d 12 (2002); *see also Booth v. Churner*, 532 U.S. 731, 121 S.Ct. 1819, 1820, 149 L.Ed.2d 958 (2001) ("Under 42 U.S.C. § 1997e(a), an inmate seeking only money damages must complete any prison administrative process capable of addressing the inmate's complaint and providing some form of relief, even if the process does not make specific provision for monetary relief."). A plaintiff's failure to exhaust administrative remedies under 42 U.S.C. § 1997e(a) is an affirmative defense which the defendants have the burden to plead and prove. *Anderson*, 407 F.3d at 681; *Jones v. Bock*, 127 S.Ct. 910, 921 (2007). Although the Defendants raised Plaintiff's failure to exhaust as an affirmative defense, the issue of whether Plaintiff exhausted his administrative remedies prior to bringing this action was not discussed in their memorandum in support of their motion for summary judgment. Thus, the Defendants have waived this defense, and the court will turn to the merits of the case.

### B.  Plaintiff Has Failed to Show that Excessive Force was Used

Plaintiff alleges he was improperly exposed to chemical munitions by Sgt. Cooper and Officer Brailsford on June 4, 2007, was struck in the chest by these Defendants with a mop handle or a broomstick, denied the ability to wash off the munitions, and denied medical attention.

The Eighth Amendment expressly prohibits the infliction of "cruel and unusual punishments." U.S. Const. amend. VIII. To succeed on any Eighth Amendment claim for cruel and unusual punishment, a prisoner must prove: (1) objectively, the deprivation of a basic human need was sufficiently serious, and (2) subjectively, the prison officials acted with a "sufficiently culpable state of mind." *Wilson v. Seiter*, 501 U.S. 294, 298 (1991); *Williams v. Benjamin*, 77 F.3d 756, 761 (4th Cir. 1996). "'[I]t is obduracy and wantonness, not inadvertence or error in good faith, that characterize the conduct prohibited by the Cruel and Unusual Punishments

Clause, whether that conduct occurs in connection with establishing conditions of confinement, supplying medical needs, or restoring official control over a tumultuous cellblock.'" *Moore v. Winebrenner*, 927 F.2d 1312, 1316 (4th Cir.1991) (*quoting Whitley v. Albers*, 475 U.S. 312, 319 (1986)).

Plaintiff states he began kicking the door after he did not receive his hygiene items. According to Sgt. Cooper, Plaintiff was instructed several times to stop kicking or hitting the door. (*See* Report on the use of force dated June 4, 2007, attached at [14-5] as p. 1). When Plaintiff refused these directives, Sgt. Cooper administered one burst of Top Cop into the cell, amounting to 40 grams total. According to the Report on the use of force, Plaintiff and his cellmate were seen by Nurse Scott, but no injuries were noted, and no treatment was needed. The shift lieutenant was notified. (*See* Report on the use of force dated June 4, 2007, attached at [14-5] as p. 1).

According to the Affidavit of Officer Isaac, on June 4, 2007, she approached Plaintiff's cell to issue toiletries. Both Plaintiff and his cellmate were masturbating. Officer Isaac directed them to cease that behavior. When the Plaintiff refused, Officer Isaac reached for her chemical munitions canister to gain compliance and Plaintiff reacted by placing his mattress against the food flap. (Aff. of Isaac at ¶ 2, attached as [14-6]). Officer Isaac closed the food flap and notified her supervisor, Sgt. Cooper, who responded to the SMU cell, accompanied by Officer Brailsford. (Aff. of Cooper at ¶¶ 2-3, attached as [14-7]; Aff. of Isaac at ¶ 3, attached as [14-6]; Aff. of Brailsford at ¶ 2, attached as [14-8]). Plaintiff and his cellmate began to kick the cell door. (Aff. of Isaac at ¶ 3, attached as [14-6]; Aff. of Cooper at ¶ 4, attached as [14-7]; Aff. of Brailsford at ¶ 3, attached as [14-8]). Sgt. Cooper and Officer Brailsford ordered the inmates to stop kicking the door, but they refused to comply with the order. (Aff. of Cooper at ¶ 4, attached as [14-7]; Aff. of Brailsford at ¶ 3, attached as [14-8]). Plaintiff and his cellmate put their cotton

batting mattresses against the food flap to prevent the use of chemical munitions. (Aff. of Cooper at ¶ 5, attached as [14-7]; Aff. of Brailsford at ¶ 4, attached as [14-8]). Sgt. Cooper and Officer Brailsford used a mop handle to push the flexible mattress away from the food flap in order to spray a burst of chemical munitions into the cell. (Aff. of Cooper at ¶ 6, attached as [14-7]; Aff. of Brailsford at ¶ 4, attached as [14-8]). Sgt. Cooper has testified that neither he nor Officer Brailsford struck the inmates. (Aff. of Cooper at ¶ 6, attached as [14-7]). Likewise, Officer Isaac denies that the officers struck the inmates. (Aff. of Isaac at ¶ 6, attached as [14-6]). Plaintiff and his cellmate ceased their disruptive behavior. (Aff. of Cooper at ¶ 7, attached as [14-7]; Aff. of Brailsford at ¶ 5, attached as [14-8]). Medical was called to the cell; no injuries were noted, and it was determined that no treatment was necessary. (Aff. of Cooper at ¶ 8, attached as [14-7]; Aff. of Isaac at ¶ 6, attached as [14-6]; Aff. of Brailsford at ¶ 6, attached as [14-8]). Officer Isaacs wrote an incident report which recommended charging Plaintiff with sexual misconduct. (Aff. of Isaac at ¶ 7, attached as [14-6]). Sgt. Cooper charged Plaintiff with refusing or failing to obey an officer. (Aff. of Cooper at ¶ 9, attached as [14-7]).

In *Norman v. Taylor*, 25 F.3d 1259, 1263 (4th Cir. 1994) (en banc), the court held that "absent the most extraordinary circumstances, a plaintiff cannot prevail on an Eighth Amendment excessive force claim if his injury is de minimis." Further, "extraordinary circumstances are present when 'the force used [is] of a sort repugnant to the conscience of mankind . . . or the pain itself [is] such that it can properly be said to constitute more than de minimis injury.'" *Taylor v. McDuffie*, 155 F.3d 479, 483-84 (1998) (*citing Norman*, 25 F.3d at 1263 n. 4).

In the present case, Plaintiff does not complain of any specific injuries to his eyes, hands, skin, or to any other parts of his body. More specifically, Plaintiff does not allege any skin irritation, or swelling of his eyes or face. Plaintiff was examined by Nurse Scott after the

incident, and no injuries were noted. No medical treatment was deemed necessary. These facts compel the conclusion as a matter of law that the Plaintiff suffered no constitutional deprivation when he was sprayed with pepper spray by Sgt. Cooper. Plaintiff has not even suffered de minimis injuries. *Compare Taylor v. McDuffie*, 155 F.3d at 484 ("temporary swelling and irritation is precisely the type of injury this Court considers de minimis."); *Stanley v. Hejirika*, 134 F.3d 629, 637-38 (4th Cir. 1998) ("bruising of his right arm, left jaw, left and right wrists and back, and a tooth which was loosened" constituted de minimis injury). Moreover, the United States Supreme Court has noted that "not . . . every malevolent touch by a prison guard gives rise to a federal cause of action." *Hudson v. McMillian*, 503 U.S. 1, 9 (1992) (internal citation omitted). The Court further states, "The Eighth Amendment's prohibition of 'cruel and unusual' punishments necessarily excludes from constitutional recognition de minimis use of physical force, provided that the use of force is not of a sort 'repugnant to the conscience of mankind.'" *Id*. at 9-10. The "core judicial inquiry" in evaluating an excessive force claim is "whether force was applied in a good-faith effort to maintain or restore discipline, or maliciously and sadistically to cause harm." *Id*. at 7.

Based upon the foregoing, this court finds that the plaintiff has failed to show an issue of material fact on the Eighth Amendment claim.

### C. The Defendants Sgt. Cooper and Officer Brailsford are Entitled to Qualified Immunity under Section 1983

The Defendants contend that they are entitled to qualified immunity. The doctrine of qualified immunity shields government officials performing discretionary functions from personal liability for damages "insofar as their conduct does not violate clearly established statutory or constitutional rights of which [a] reasonable person would have known." *Harlow v. Fitzgerald*, 457 U.S. 800, 818, 102 S.Ct. 2727, 73 L.Ed.2d 396 (1982); *DiMeglio v. Haines*, 45 F.3d 790, 794 (4th Cir. 1995). In *Cleavinger v. Saxner*, 474 U.S. 193, 106 S.Ct. 496, 88 L.Ed.2d

507 (1985), the United States Supreme Court upheld the extension of qualified immunity to prison officials. This immunity "protects law enforcement officials from 'bad guesses in gray areas' and ensures that they are liable only 'for transgressing bright lines.'" *Wilson v. Layne*, 141 F.3d 111, 114 (4th Cir. 1998) (*quoting Maciariello v. Sumner*, 973 F.2d 295, 298 (4th Cir. 1992)). Immunity applies to "all but the plainly incompetent or those who knowingly violate the law." *Malley v. Briggs*, 475 U.S. 335, 341 (1986).

In discussing the issue of qualified immunity, the Court of Appeals for the Fourth Circuit stated that:

> Qualified immunity shields a governmental official from liability for civil monetary damages if the officer's conduct does not violate clearly established statutory or constitutional rights of which a reasonable person would have known. In determining whether the specific right allegedly violated was clearly established, the proper focus is not upon the right at its most general or abstract level, but at the level of its application to the specific conduct being challenged. Moreover, the manner in which this clearly established right applies to the actions of the official must also be apparent. As such, if there is a legitimate question as to whether an official's conduct constitutes a constitutional violation, the official is entitled to qualified immunity.

*Wiley v. Doory*, 14 F.3d 993, 995 (4th Cir. 1994) (internal quotations, citations, and modification omitted), *cert. denied*, 516 U.S. 824, 116 S.Ct. 89, 133 L.Ed.2d 45 (1995).

In addressing the defense of qualified immunity, the United States Supreme Court has held that "a court must first determine whether the plaintiff has alleged the deprivation of an actual constitutional right at all, and if so, proceed to determine whether that right was clearly established at the time of the alleged violation." *Wilson v. Lane*, 526 U.S. 286, 290, 119 S.Ct. 1292, 143 L.Ed.2d 399 (1999). The plaintiff's rights must be established so clearly that a "reasonable official would understand that what he is doing violates that right." *Slattery v. Rizzo*, 939 F.2d 213, 216 (4th Cir. 1991) (*quoting Anderson v. Creighton*, 483 U.S. 635, 640, 107 S.Ct. 3034, 97 L.Ed.2d 523 (1987)). If the court initially determines that no right has been violated, the inquiry ends there, "because government officials cannot have known of a right that does not exist." *Porterfield v. Lott*, 156 F.3d 563, 567 (4th Cir. 1998). Accordingly, ruling on a

defense of qualified immunity requires "(1) identification of the specific right allegedly violated; (2) determining whether at the time of the alleged violation the right was clearly established; and (3) if so, then determining whether a reasonable person in the [official's] position would have known that doing what he did would violate that right." *Pritchett v. Alford*, 973 F.2d 307, 312 (4th Cir. 1992).

In analyzing whether the Defendants are entitled to qualified immunity, the undersigned first must determine whether the Plaintiff has properly pled a violation of any of his constitutional rights. While the Eighth Amendment rights were clearly established at the time of the events alleged in the Complaint, and assuming all of Plaintiff's allegation to be true, none of these allegations can be said to be a violation of the Plaintiff's constitutional rights. Consequently, the Defendants are entitled to qualified immunity.

### D.  The Court Will Not Suspend Sgt. Cooper and Officer Brailsford

Finally, to the extent that Plaintiff seeks an order from this Court requiring the suspension of Sgt. Cooper and Officer Brailsford from their employment with the SCDC, Plaintiff's complaint is frivolous. This federal Court does have the power to issue the type of order Plaintiff requests. *Maxton v. Johnson*, 488 F.Supp. 1030, 1032 n. 2 (D.S.C. 1980) (a federal district court lacks inherent power to hire or remove officials not within the executive control of that federal district court) (*citing United States v. White County Bridge Commission*, 275 F.2d 529, 535 (7th Cir.1960)).

## **RECOMMENDATION**

Based upon the foregoing, it is recommended that **Defendants' Motion for Summary Judgment [14] should be granted.**

*[Signature]*
GEORGE C. KOSKO
UNITED STATES MAGISTRATE JUDGE

August 18, 2008

Charleston, South Carolina

**<u>Notice of Right to File Objections to Magistrate Judge's "Report and Recommendation"</u>**
**<u>& The Serious Consequences of a Failure to Do So</u>**
Notice of Right to File Objections to Report and Recommendation

The parties are advised that they may file specific written objections to this Report and Recommendation with the District Court Judge. Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections. In the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must "only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation." *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310 (4th Cir. 2005).

Specific written objections must be filed within ten (10) days of the date of service of this Report and Recommendation. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b). The time calculation of this ten-day period excludes weekends and holidays and provides for an additional three (3) days for filing by mail. Fed. R. Civ. P. 6(a) & (e). Filing by mail pursuant to Fed. R. Civ. P. 5 may be accomplished by mailing objections to:

Larry W. Propes, Clerk
United States District Court
P.O. Box 835
Charleston, South Carolina 29402

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.** 28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140 (1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985).