IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
ROCK HILL DIVISION

| | | |
|---|---|---|
| Lawrence Stefon Seabrooks, # 308256, | ) | C/A NO. 0:07-3101-CMC-MAGCIV |
| | ) | |
| Plaintiff, | ) | |
| | ) | **OPINION and ORDER** |
| v. | ) | |
| | ) | |
| Sgt. Roy Cooper; Off. Author [sic] Brailsford; The SCDC Agency, | ) ) | |
| | ) | |
| Defendants. | ) | |
| _____ | ) | |

This matter is before the court on Plaintiff's *pro se* complaint, filed in this court pursuant to 42 U.S.C. § 1983.

In accordance with 28 U.S.C. § 636(b) and Local Civil Rule 73.02 (B)(2)(d), DSC, this matter was referred to United States Magistrate Judge George C. Kosko for pre-trial proceedings and a Report and Recommendation ("Report"). On August 18, 2008, the Magistrate Judge issued a Report recommending that Defendants' motion for summary judgment be granted and this matter dismissed with prejudice. The Magistrate Judge advised Plaintiff of the procedures and requirements for filing objections to the Report and the serious consequences if he failed to do so. Plaintiff filed objections to the Report on August 28, 2008.

The Magistrate Judge makes only a recommendation to this court. The recommendation has no presumptive weight, and the responsibility to make a final determination remains with the court. *See Mathews v. Weber*, 423 U.S. 261 (1976). The court is charged with making a *de novo* determination of any portion of the Report of the Magistrate Judge to which a specific objection is made. The court may accept, reject, or modify, in whole or in part, the recommendation made by

1

the Magistrate Judge or recommit the matter to the Magistrate Judge with instructions. *See* 28 U.S.C. § 636(b).

After reviewing the record of this matter, the applicable law, the Report and Recommendation of the Magistrate Judge, and Plaintiff's objections, the court declines to adopt the Report, which credits Defendants' version of the facts, contrary to the proper balancing of the evidence on a summary judgment motion.

**Facts**

Taken in the light most favorable to Plaintiff, the facts are as follows. On June 4, 2007, Plaintiff, an inmate of the South Carolina Department of Corrections (SCDC), was housed at Lee Correctional Institution (LCI). Due to a disagreement between Plaintiff and correctional institute staff relating to the distribution of toiletries,[1] Plaintiff and his roommate began kicking their cell door. According to Plaintiff's own admissions, he was aware that by kicking his cell door, he was exposing himself to actions by correctional personnel, including the possibility of being maced. Defendants Brailsford and Cooper arrived and discussed the matter with the inmates, but the issue was not resolved. Plaintiff and his cellmate continued their disruptive behavior, despite being ordered to stop. Plaintiff maintains that "Cooper opened the flap and tried to gas us as we put the mat to the flap." "Affidavit" of Lawrence Stefon Seabrooks at ¶ 6 (hereinafter "Motion Attachment") (Attach. to M. for Reconsideration at 4, Dkt. #25, filed Feb. 26, 2008).[2] Defendant

---

[1]The details of the disagreement are contained in the factual recitation of the Report. *See* Report at 4 (Dkt. # 29, filed Aug. 18, 2008).

[2]Plaintiff's "affidavit" is not a proper affidavit, as it is not sworn to before an officer authorized to administer oaths. Additionally, this "affidavit" is not submitted under a penalty of perjury; therefore, this court does not consider it to be a proper declaration made pursuant to 28 U.S.C. § 1746.

Cooper retrieved a broomstick and a mop handle, and he and Brailsford used these items to push the mat aside.³  Cooper then deployed one short burst of chemical munitions into Plaintiff's cell. Plaintiff contends that while trying to push aside the mat, Brailsford and Cooper used excessive force and hit him in his chest with the broomstick and/or mop handle until "we dropped the mat and [then] they hit us a couple more times . . . ." Compl. at 3 (Dkt. # 1, filed Sept. 11, 2007).  In his later-filed "Affidavit," Plaintiff contends that Brailsford and Cooper used the broomstick and mop handle "to shove against the mat hitting us in the face and chest.  The battle lasted for three (3) to five (5) minutes, [until we] gave up and dropped the mat and in the process [got] hit in the face and chest directly . . . ." Motion Attachment ¶ 7-8) (Dkt. #25 at 4, filed Feb. 26, 2008).

In his complaint, Plaintiff contends that he "did not get any medical attention . . . ." Compl. at 3.  In his "affidavit," however, Plaintiff contends that he was "seen . . . by medical. [A]t that time [I] complained of chest pain, and I complained of back pain but nothing was done." Motion Attachment at ¶ 10.  Plaintiff further contends that the water was cut off to his cell, that he was not allowed to shower and was not given soap for a month.  Compl. at 3.

Therefore, Plaintiff raises two claimed instances of excessive force by Defendants:  one relating to the use of mace and one relating to an alleged assault by Defendants prior to the use of the mace.  Both claims are examined under the Eighth Amendment.

**Eighth Amendment Analysis**

The Eighth Amendment prohibits the infliction of "cruel and unusual punishments." U.S. Const. amend. VIII. In the prison context, it "protects inmates from inhumane treatment and

---

³Brailsford and Cooper aver that it was one mop handle which was used to push aside the mat.  Aff. of Roy Cooper at ¶ 6 & Aff. of Arthur Brailsford at ¶ 4.

3

conditions while imprisoned." *Williams v. Benjamin*, 77 F.3d 756, 761 (4th Cir. 1996). An inmate's Eighth Amendment claim involves a subjective component and an objective component. "Specifically, Eighth Amendment analysis necessitates inquiry as to whether the prison official acted with a sufficiently culpable state of mind (subjective component) and whether the deprivation suffered or injury inflicted on the inmate was sufficiently serious (objective component)." *Id*. "These requirements spring from the text of the amendment itself; absent intentionality, a condition imposed on an inmate cannot properly be called 'punishment,' and absent severity, such punishment cannot be called 'cruel and unusual.'" *Iko v. Shreve*, 535 F.3d. 225, 238 (4th Cir. 2008) (citing *Wilson v. Seiter*, 501 U.S. 294, 298-300 (1991)).

To prove the subjective component, Plaintiff must show that an officer acted with a "sufficiently culpable state of mind." *Wilson v. Seiter*, 501 U.S. 294, 298 (1991). The state of mind required in excessive force claims is "wantonness in the infliction of pain." *Whitley v. Albers*, 475 U.S. 312, 322 (1986).[4] "Put differently, the core judicial inquiry regarding the subjective component of an excessive force claim is whether force was applied in a good-faith effort to maintain or restore discipline, or maliciously and sadistically to cause harm." *Iko*, 535 F.3d. at 239 (internal quotations and citation omitted).

In *Whitley*, the Supreme Court set forth four non-exclusive factors to assist courts in assessing whether an officer has acted with "wantonness": (1) "the need for the application of force"; (2) "the relationship between the need and the amount of force that was used"; (3) the extent

---

[4] The particular showings necessary to prove each component "var[y] according to the nature of the alleged constitutional violation." *Hudson v. McMillian*, 503 U.S. 1, 5 (1992). For example, to prove a claim of indifference to serious medical needs, a plaintiff must prove that officials were deliberately indifferent to his needs. *Farmer v. Brennan*, 511 U.S. 825 (1994). That is a different standard than the one at issue in this case.

4

of any reasonably perceived threat that the application of force was intended to quell; and (4) "any efforts made to temper the severity of a forceful response." *Whitley*, 475 U.S. at 321 (internal quotations omitted) (applying these factors in a prison riot case); *see Hudson*, 503 U.S. at 7 (extending the *Whitley* standard "to all allegations of excessive force").

The Fourth Circuit's decision in *Williams v. Benjamin*, 77 F.3d 756 (4th Cir. 1996), provides additional guidance for courts when considering claims relating to the use of mace, tear gas, or other like substances. Additional considerations inform the second and fourth prongs of the *Whitley* test, as "it is a violation of the Eighth Amendment for prison officials to use mace, tear gas or other chemical agents in quantities greater than necessary for the sole purpose of infliction of pain." *Id*. at 763. While the use of mace on prisoners confined in their cells in not *per se* unconstitutional, "it is necessary to examine the totality of the circumstances, including provocation, the amount of gas used, and the purpose for which the gas is used to determine the validity of the use of tear gas in the prison environment." *Id*.

As to the objective component of the test, an injury is "sufficiently serious" if it rises above the level of *de minimus* harm. *Hudson*, 503 U.S. at 9-10 (rejecting the argument that "minor" injuries are not actionable). This rule aligns with "society's expectations" regarding the use of force: if an inmate can show the malevolence required to prove the subjective component, the actual injury suffered as a result of such malevolence need not be great for "contemporary standards of decency [to be] violated." *Id*. at 9. The Fourth Circuit has recognized that

> there may be highly unusual circumstances in which a particular application of force will cause relatively little, or perhaps no, enduring injury, but nonetheless will result in an impermissible infliction of pain. In these circumstances, we believe that either the force used will be of a sort repugnant to the conscience of mankind, and thus

> expressly outside the *de minimus* force exception, or the pain itself will be such that it can properly be said to constitute more than *de minimus* injury.

*Norman v. Taylor*, 25 F.3d 1259, 1264 (4th Cir. 1994) (internal citations and quotations omitted) (en banc), *cert. denied*, 513 U.S. 1114 (1995); *id.* at 1263 n.4 ("[T]he objective component [of the test] can be met by 'the pain itself,' even if an inmate has no 'enduring injury.'"). *See also Williams v. Benjamin*, 77 F.3d at 762 n.2 (noting that "courts should be wary of finding uses of force that inflict 'merely' pain but not injury to be *de minimus*, and therefore beyond requiring justification under the Eighth Amendment.").

**Use of Mace**[5]

Plaintiff does not deny that he was kicking his cell door. Indeed, in his Motion for Reconsideration of Appointment of Counsel, Plaintiff states "Yes, I did kick on the door, choosing to subject myself to the consequences [of being] mased [sic] . . . under the SCDC Policy." Mot. at 2 (Dkt. #24, filed Feb. 26, 2008). *See also* Motion Attachment at ¶4 (Dkt. #25 at 4, filed Feb. 26, 2008). Defendant Cooper can therefore demonstrate that there was a "need for the application of force."

As to the relationship between the need and amount of force used, Defendant Cooper attests that he deployed "a short burst" of chemical munitions into the cell. Aff. of Roy Cooper at ¶7 (Dkt. #14-7, filed Jan. 16, 2008). According to Cooper, after being sprayed with one short burst of mace, Plaintiff "immediately ceased [his] disruptive behavior." *Id.* at ¶7 (Dkt. #14-7, filed Jan, 16, 2008). Plaintiff does not contend that he was sprayed more than once. Therefore, under the second *Whitley* factor, the amount of force used was not disproportionate to the need for force.

---

[5]Plaintiff does not contend that Defendant Brailsford deployed any mace into his cell. Therefore, this claimed use of force is as to Defendant Cooper only.

Moreover, as noted above, Plaintiff does not deny that he was kicking his cell door and that as a result, he expected to be sprayed with mace. It can therefore be inferred that Defendant Cooper perceived some threat and disruption of order which required the deployment of chemical munitions.

The last factor for consideration is whether Defendant attempted to ameliorate the severity of a forceful response. As noted above, Plaintiff does not contest Defendant Cooper's averment that he (Cooper) issued "one short" blast of mace.

The court finds that Defendant Cooper's use of mace was "applied in a good-faith effort to maintain or restore discipline . . . ." *Iko v. Shreve*, *supra*, 535 F.3d. at 239. Additionally, "one short burst" does not qualify as being a quantity of mace "greater than necessary for the sole purpose of infliction of pain." *Williams v. Benjamin*, *supra*, 77 F.3d at 763.

Second, Plaintiff cannot show more than *de minimus* injury. In his Complaint, Plaintiff contends that he "did not get any medical attention . . . ." Compl. at 3 (Dkt. #1, filed Sept. 11, 2007). Yet Plaintiff also maintains that he was "seen in the room [ ] by medical. [A]t the time [I] complained of chest pain, and I complained of back pain." Motion Attachment at ¶10 (Dkt. #25 at 7, filed Feb. 26, 2008). The Report on the Use of Force indicates that Plaintiff and his cellmate were seen by a nurse, and there were no injuries noted and "no treatment [was] needed." Attach. 3 to Mem. in Supp. Mot. for Summ. J. (Dkt. # 14-5, filed Jan. 16, 2008). Neither Plaintiff nor Defendants have provided Plaintiff's medical records to support or refute Plaintiff's allegations.

The court is mindful of the Fourth Circuit's directive that it should "be wary of finding uses of force that inflict 'merely' pain but not injury to be *de minimus*, and therefore beyond requiring justification under the Eighth Amendment." *Williams v. Benjamin*, *supra*, 77 F.3d at 762 n.2.

7

However, Plaintiff does not contend that his "chest pain" and "back pain" were a residual effect of being gassed as opposed to the "battle" between Plaintiff and Defendants Cooper and Brailsford.

Plaintiff's other alleged injuries relating to the use of the mace are that the water was cut off to his cell and he was not allowed to shower after the incident. However, Plaintiff does not allege any skin irritation or swelling of his eyes or face. Plaintiff's "injury," of allegedly not having access to water, occurred as a result of a use of force which this court has found reasonable and justifiable. Therefore, as Plaintiff complains of no physical discomfort or injury as a result of his allegedly not being allowed access to running water for some period of time following the incident, his alleged injury amounts to an allegation that Defendants failed to follow South Carolina Department of Corrections (SCDC) procedures. The failure of a prison official to follow prison procedures does not, standing alone, amount to a constitutional violation. *See Riccio v. County of Fairfax, Virginia*, 907 F.2d 1459, 1469 (4th Cir.1990)*; Keeler v. Pea*, 782 F. Supp. 42, 44 (D.S.C.1992) (violations of prison policies which fail to reach the level of a constitutional violation are not actionable under § 1983); *Johnson v. S.C. Dep't of Corrections*, 2007 WL 904826 at *12 (D.S.C.Mar.21, 2007) ("Plaintiff's allegation that defendants did not follow their own policies or procedures, standing alone, does not amount to a constitutional violation.") (unpublished) (citing *Riccio*, 907 F.2d at 1469).

For all these reasons, Plaintiff's Eighth Amendment claim relating to the use of mace fails.

**Use of Broomsticks**

Plaintiff's claim of excessive force regarding Defendants' use of a broomstick and/or mop handle to shove aside the mat to gain access to Plaintiff's cell also fails.[6] Plaintiff does not deny that

---

[6]*See* note 3, *supra*.

he and his cellmate attempted to block access to their cell by placing a mat against their "food flap." Plaintiff contends that Defendants hit him in the chest (apparently through the mattress) until the mat was dropped. Plaintiff also maintains that Defendants hit him "in the chest a couple more times" prior to his being maced. Compl. at 3 (Dkt. #1, filed Sept. 11, 2007).[7] Plaintiff's later "affidavit" differs slightly; he indicates that he and his cellmate placed a mat against the opening in their cell door, and resisted attempts by Defendants Cooper and Brailsford to gain access to their cell. Plaintiff characterizes the incident as a "battle," which infers more than minimal resistance by Plaintiff. As noted above, Plaintiff maintains that he and his cellmate eventually "gave up and dropped the mat *and in the process* [got] hit in the face and chest directly . . . ." Motion Attachment at ¶8 (emphasis added). Plaintiff was examined by medical personnel and no injuries were noted.

Plaintiff contends that he complained of chest pain and back pain after the injury. Yet in his response to Defendants' motion for summary judgment, he merely contends that his "back has been in pain." Dkt. # 17 (filed Jan. 28, 2008).

Plaintiff has admitted that he was kicking on his cell door, and that he placed a barricade against his "food flap." Indeed, Plaintiff does not contend that he was compliant with officers' directives, as he characterizes the incident as a "battle." The court finds that Defendants' actions do not rise to the level of being sadistic and malicious, and that this use of force by Defendants was "applied in a good-faith effort to maintain or restore discipline . . . ." *Iko v. Shreve*, *supra*, 535 F.3d. at 239.

---

[7] Defendant Cooper denies having struck Plaintiff at any time. *See* Aff. of Sgt. Roy Cooper at ¶6 (Dkt. # 14-7, filed Jan. 16, 2008).

9

As to injury, Plaintiff has not shown more than *de minimus* injury. His attestation that he complained of chest pain and his assertion of his back being "in pain" does not rise above a *de minimus* level, particularly as he contends he was involved in a "battle," inferring that his own actions may have contributed to the alleged resulting injury. Therefore, for these reasons, Plaintiff's Eighth Amendment excessive force claim relating to an alleged assault via a broomstick and/or mop handle as to Defendants Cooper and Brailsford also fails.

**"The SCDC Agency"**

Plaintiff has sued "The SCDC Agency." Presuming that Plaintiff means to sue the South Carolina Department of Corrections (SCDC), it is not a "person" amenable to suit under § 1983. It is well-settled that an agency of the state is not a "person" within the meaning of § 1983, and thus is not a proper defendant. *Will v. Michigan Dep't of State Police*, 491 U.S. 58, 71 (1989). Therefore, Defendant "The SCDC Agency" is dismissed from this action without prejudice.

**Conclusion**

"The SCDC Agency" is dismissed without prejudice. The motion for summary judgment by Defendants Cooper and Brailsford is **granted**, this case is dismissed as to these Defendants with prejudice, and this matter is concluded in its entirety.

**IT IS SO ORDERED.**

                                            s/ Cameron McGowan Currie
                                            CAMERON MCGOWAN CURRIE
                                            UNITED STATES DISTRICT JUDGE

Columbia, South Carolina
September 23, 2008

C:\Documents and Settings\arh47\Local Settings\Temp\notes6030C8\07-3101 Seabrooks v. Cooper adopt rr conclusion gr sumjgm.wpd